IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RALPH STANLEY COOPER           )
                               )      Civil No.  6:11-cv-06028-HO
            Plaintiff,         )
                               )      ORDER
                               )
KEVIN BENNETT, and STATE       )
OF OREGON                      )
                               )
            Defendants.        )
                               )
_____)

Introduction

In his third amended complaint, plaintiff, Ralph Stanley
Cooper brings suit against defendant Oregon State Police Officer
Kevin Bennett (Officer Bennett), alleging four claims: (1)
violation of plaintiff's rights under the Fourth and Fourteenth
Amendments to the US Constitution and 42 U.S.C. §1983, when,
because of plaintiff's race, Officer Bennett conducted a traffic
stop that falsely detained, illegally searched, and seized

ORDER - page 1

plaintiff's property and later falsely advised the Redding CA
police that plaintiff was carrying illegal drugs; (2) illegal
search and seizure of property; (3) violation of plaintiff's
rights of equal protection and (4)violation of plaintiff's
rights under 42 U.S.C. §1981. [#30]. Plaintiff seeks actual,
non-economic and punitive damages. *Id.*

Defendants move for summary judgment arguing that Officer
Bennett "is entitled to qualified immunity in his individual
capacity for all his actions and because while acting in his
official capacity for the State of Oregon, the Eleventh
Amendment bars plaintiff's claims." [#36].

Discussion

## A.   Standard:

Fed. R. Civ. P. 56(c) authorizes summary judgment if no
genuine issue exists regarding any material fact and the moving
party is entitled to judgment as a matter of law. The moving
party must show the absence of any genuine issue of material
fact. *Leisek v. Brightwood Corp.,* 278 F.3d 895, 898 (9th Cir.
2002). An issue is genuine if the evidence is such that a
reasonable jury could return a verdict for the nonmoving party.
*Anderson v. Liberty Lobby Inc.,* 477 U.S. 242, 248 (1986). The
Court must draw all reasonable inferences in the favor of the
nonmoving party. *Id.*

ORDER - page 2

**B.    Qualified Immunity:**

The threshold inquiry in a qualified immunity analysis is
whether the plaintiff's allegations, if true, establish a
constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201,
(2001); see also *Billington v. Smith*, 292 F.3d 1177, 1183 (9th
Cir.2002).  This general evaluation of the constitutionality of
the alleged conduct must also determine whether the actions
alleged violate a clearly established constitutional right,
where 'clearly established' means that "it would be clear to a
reasonable officer that his conduct was unlawful in the
situation he confronted." *Saucier*, 533 U.S. at 202.

**C.    Background:**

The following facts are gleaned from the parties' pleadings
and accompanying admissible evidence, which are either
undisputed or framed in the light most favorable to plaintiff.

1.    Undisputed Facts:

1.    Plaintiff's third amended complaint stems from a
traffic stop made by Officer Bennett on January 24, 2009, as
plaintiff and his friends were traveling north from California
in a rental car.  [#30-p.2, ¶8].

2.    Plaintiff and his fellow travelers are all
African-American. [#57-p.1].   .

3.    Plaintiff was a passenger in the rental car. [#57-
pp.1-2].

ORDER - page 3

4.    Defendant was parked on the side of I-5 (at milepost 123), in a marked patrol car when, while still dark (at approximately 6:40 am), he saw a car go by at what appeared to be an excessive speed.  [#37- p.2].

5.    Defendant pulled out and followed the car as he attempted to determine its speed with his radar.  [#37-p.2; #38-p.2].

5.    As defendant pulled in behind the car, it pulled off the highway at Exit 124, in Roseburg, Oregon.  [#37-p.2; #38-p.2].

6.    Defendant followed the car and eventually stopped it for two traffic violations, improper lane change signal and following too close.[1]  [#38-p.2].

7.    Defendant, via loudspeaker, directed the car to move from Diamond Lake Blvd (which does not have a shoulder), to a nearby parking lot. [#38-pp.2-3].  After the car pulled into the parking lot, defendant exited his patrol car, approached the car and asked the driver for his license and registration. [#38-p.2].  The driver gave defendant his license and the rental agreement.  [#38-p.3].

8.    Defendant noticed the driver was not listed on

---

[1]    Contrary to briefing, the trooper's declaration says that the possible lane change signal violation occurred not when the car left the freeway (as argued) but, after the car had exited the gas station and was proceeding along East Diamond Lake Blvd, away from the interstate.  [#38-p.2]

ORDER - page 4

the rental agreement, and asked if anyone in the car was the renter and was told that the driver thought he was on the rental contract. *Id.* The defendant requested permission to search the car, which the driver denied. [#38-p.4]

9.    Upon running the driver's license , defendant learned that the driver had a felony criminal record that included a recent cultivating marijuana conviction. [#56-p.7]

10.    Suspecting drug trafficking, defendant called for Roseburg law enforcement back-up and canine unit, contacted the rental car company and received permission to search and seize the car from the rental car representative. [#38-p.4].

11.    Defendant asked the driver and occupants including plaintiff, to remove their personal effects and exit the car. They complied. [#38; #56]

12.    Defendant called a taxi cab for the car's occupants and then searched the car with the canine officer. [#56-p.8]. The search yielded two grams of marijuana found under the driver's seat inside a prescription drug bottle. [#56-p.10].

13.    When defendant told the group he would cite all three of them if no one claimed the marijuana found in the search, plaintiff claimed it and was cited for possession in violation of ORS 475.864, a violation which carries a fine of $590.    [#56-p.10].

14.    At 8:33 am, defendant told the driver, plaintiff and

ORDER - page 5

other car occupants they were free to go but, seized the rental
car. [#56-p.12].

15.   Plaintiff and his friends made their way to the bus
station where they caught the first bus back to the Bay area.
*Id.*

16.   After releasing the car's occupants, defendant
contacted the Redding, California police and informed them that
he suspected one of the travelers of transporting illegal drugs.
[#38-p.4].

17.   When the bus stopped in Redding, plaintiff and his
companions were seized by Redding police. [#56-p.13].

18.   After no drugs were found, the group including
plaintiff, were released and returned home on a later bus.   *Id.*

   2.   Disputed Facts:

   The parties' briefing demonstrates that there are material
issues about the details of the incident which are in dispute.

   For example, the parties dispute:

   1.   Whether defendant knew of the car's occupants' race
before stopping the car.

   2.   What plaintiff and his friends said and did at the gas
station at which they briefly stopped after exiting the freeway.

   3.   When defendant contacted Hertz and whether the rental
company representative requested or consented to a search and
seizure of the car.

4.    What defendant, plaintiff and his companions' actions were after the stop was made.

5.    Whether defendant told the back-up officer that the driver had multiple drug convictions.  What if any discussion the defendant and the driver had about those past convictions.

6.    What transpired upon discovery of the marijuana under the driver's seat of the car.  Whether for example, plaintiff and his friends were handcuffed.

7.    On what evidence defendant's suspicion that the group was transporting illegal drugs was based.  Defendant alleges it was based on his review of the video, whereas plaintiff alleges it was based on defendant's racial animus and defendant's frustration that his work was for nothing.

    3.    Claims:

### (a). Claim One: violation of Fourth and Fourteenth Amendment rights in violation of 42 U.S.C. §1983:

In Claim one, plaintiff alleges that defendant violated plaintiff's fourth and fourteenth amendment rights and 42 U.S.C. §1983, when he detained, arrested and/or seized plaintiff without a warrant, consent or probable cause and in falsely advising Redding police that he had probable cause to believe that plaintiff was transporting illegal drugs.  [#30-pp.4-5].  Plaintiff seeks actual[2] and punitive damages.  [#17-p.5].

---

[2]    Plaintiff alleges actual damages but his complaint has little of substance about what those are aside from a vague

ORDER - page 7

Defendant responds that because he is entitled to qualified
immunity, this claim should be dismissed.

The threshold inquiry in a qualified immunity analysis is
whether the allegations, taken in the light most favorable to
the party asserting injury, establish a constitutional
violation. *Saucier v. Katz*, 533 U.S. 194, 201, (2001); see also
*Billington v. Smith*, 292 F.3d 1177, 1183 (9th Cir.2002). If
not, "there is no necessity for further inquiries concerning
qualified immunity." *Saucier*, 533 U.S. at 201. If, however, a
violation could be made out under the facts alleged, the next
step is to determine whether the right was clearly established.
*Id.*

It is well-settled law that if a police officer pulls over
a motorist without reasonable suspicion to do so, that action
violates the Fourth Amendment. *U.S. v. Colin*, 314 F.3d, 439,
442 (9th Cir.2002). Under plaintiff's version of the facts
(which must be accepted as true at this stage of litigation),
there was not reasonable suspicion for defendant to detain
plaintiff or call Redding police to report a suspicion of
illegal drugs being transported.

It has been settled law since the 1970's that in order for
a police officer to initiate an investigatory stop of a

---

mention of re-injury of his wrist.  The rest allege non-economic
damages of humiliation, shame etc. [#30-p.4].

ORDER - page 8

motorist, there must at least exist reasonable suspicion that the motorist is engaging in illegal activity. See e.g., *Delaware v. Prouse,* 440 U.S. 648, 663(1979)(requiring "at least articulable and reasonable suspicion that a motorist is unlicensed or that an automobile is not registered, or that either the vehicle or an occupant is otherwise subject to seizure for violation of law" in order to stop an automobile and detain the driver).

The parties' disparate accounts of the instant traffic stop preclude summary judgment on this issue

### (b). Claim Two: Illegal search and seizure:

Plaintiff alleges that defendant is individually liable for violation of plaintiff's constitutional right to be free from unreasonable search and seizure of his property as guaranteed under the constitution and 42 U.S.C. §1983. [#30-pp.5-6].

As a general rule, only the owner of a vehicle or an individual with a legitimate privacy interest in a vehicle may challenge an allegedly illegal search. *United States v. Broadhurst*, 805 F.2d 849, 851-52 (9th Cir.1986). It is undisputed that plaintiff was a passenger in a rental car, was not named in the rental contract and had removed his personal possessions from the rental car before it was searched.

Thus, plaintiff lacks a possessory or privacy interest in

ORDER - page 9

the rental car's search and seizure which occurred after the car
owner's agent consented to the search.  *Alderman v. United
States*, 394 U.S. 165, 174 (1969)(Fourth Amendment rights are
personal rights which, like some other constitutional rights,
may not be vicariously asserted).

### (c). Claim Three and Four: Equal Protection in violation of 42 U.S.C. §§ 1981 and 1983:

Plaintiff's Claim three, alleges that defendant violated
plaintiff's constitutional right of equal protection guaranteed
under the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 19833.
[#30-pp.6-8].  Plaintiff alleges that defendant treated
plaintiff differently that other similarly situated Caucasians.
It is undisputed that plaintiff, as an African-American, is a
member of a protected class.

The correct basis for objecting to racial profiling or
intentionally discriminatory application of laws is the Equal
Protection Clause under 42 U.S.C. § 1983.  *Trice v. Modesto
Police Dept.,* 209 WL 102712, *8 (E.D.Cal. 2009)(citing *Whren v.
United States*, 517 U.S. 806, 812-13 (1996)(holding that claims
asserting selective enforcement of a law on the basis of race
are properly brought under the Equal Protection Clause, and that
the right to equal protection may be violated even if the
actions of the police are acceptable under the Fourth
Amendment)).

ORDER - page 10

However, purposeful discrimination that violates the Equal Protection Clause of the Fourteenth Amendment will also violate section 1981. *Gratz v. Bollinger,* 539 U.S. 244, 276, Fn.23 (2003). . The requirements for a claim of racial profiling are "ordinary equal protection standards." *United States v. Armstrong*, 517 U.S. 456, 465 (1996).

To establish a claim of racial profiling, a plaintiff must establish that the defendant's actions had a discriminatory effect and were motivated by a discriminatory purpose. *Id.*; see also *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166-67 (9th Cir.2005). In this instance, plaintiff's allegations are based on the *possibility* that defendant knew he was African -American, that Roseburg's population has only 0.3% African -American population and an inference that the gas station attendant mentioned plaintiff's race to the defendant. [#56-pp.20-21].

Plaintiff's inferences are insufficient to provide the requisite evidence that defendant intended to discriminate on the basis of race in making the traffic stop. In order to sustain plaintiff's claim, the record must contain specific acts or statements upon which a claim or inference of discrimination can be based. Plaintiff's perception of events, no matter how sincere, is simply insufficient to sustain a discrimination claim. *James v. City of Seattle,* 2011 WL 6150567, *14 (W.D. Wash. Dec.12, 2011).

ORDER - page 11

<u>Conclusion</u>

Defendant's for summary judgment [#36] is granted in part and denied in part as follows: DENIED for Claim One and GRANTED for Claims Two, Three and Four.

IT IS SO ORDERED

DATED this ___31st___ day of October, 2012.


UNITED STATES DISTRICT JUDGE

ORDER – page 12